IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE MENDOZA, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1019 |
| | § | |
| CHRIS STRICKLAND, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

State inmate Mike Mendoza, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining that his constitutional rights were violated while he was a federal pretrial detainee at the Joe Corley Detention Center during 2008 and 2009.

The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that no federal rights have been implicated, the Court DISMISSES this lawsuit for failure to state a claim, as follows.

### Background and Claims

In his amended complaint (Docket Entry No. 9), plaintiff claims that, during 2008 and 2009, he was a federal pretrial detainee at the Joe Corley Detention Center awaiting trial on his federal criminal case. He claims that, during that time, the law librarian and other officers infringed on his right of access to the courts and use of the law library for purposes of his federal criminal case. He specifically asserts that, because the law librarian deleted

his habeas pleadings, charged him for legal research, and precluded him from direct access to the law library, he was forced to "plea out" on his federal criminal case. He further claims that the law librarian stole the *pro se* law book he was using to pursue the instant case and that prison officers ignored his grievances. He seeks nominal, actual, and punitive damages.

### *Analysis*

Under 28 U.S.C. § 1915(e), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

The Court notes that plaintiff's complaints regarding the handling of and responses to his prison grievances fail to state a claim of constitutional dimension. Prisoners have no constitutional right to satisfactory resolution of their grievances. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005).

Nor does plaintiff state a claim for violation of his right of access to the courts. Public federal district court records reveal that plaintiff was represented by counsel throughout his federal criminal prosecution, including his guilty plea and sentencing. *United States v.*

2

*Mendoza*, C.A. No. 07-CR-0037-10 (S.D. Tex.).  Plaintiff made his initial appearance in the criminal case on February 21, 2007, and was appointed counsel the next day.  Plaintiff entered his guilty plea on April 6, 2009, and was sentenced on October 13, 2009.  The record in that case does not show that plaintiff's counsel withdrew or was withdrawn at any point through the current date.

Generally, lack of access to legal materials may constitute an unconstitutional infringement on an offender's right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998).  However, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, an inmate alleging denial of access to the courts must demonstrate a relevant, actual injury stemming from the defendants' alleged unconstitutional conduct.  *See id.*

It is well established by the Fifth Circuit that a criminal defendant's right of access to the courts is not infringed if he is represented by counsel.  *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981); s*ee also Webb v. Scott*, No. 99-50803, 2000 WL 959918, at *1 (5th Cir. 2000);  *Ashcraft v. Cameron County*, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); *Ford v. Foti*, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); *Childs v. Scott*, No. 94-60723,

1995 WL 153057 (5th Cir. 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts.").   Nor does plaintiff raise an issue of constitutional dimension in asserting that his *pro se* habeas pleading regarding his federal case was deleted from the library computer, as he can claim no constitutional right to hybrid representation.   *See*, *e.g.*, *Prather v. Anderson*, C.A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. 2005) ("It is well established . . . that a criminal defendant has no constitutional right to hybrid representation[.]   Until [a represented defendant] requests and receives permission to proceed *pro se*, . . . he has no right to file motions and pleadings with the court on his own behalf.").

As the record in plaintiff's federal criminal case shows that he was represented by court-appointed counsel, he cannot establish a constitutional injury based upon these claims. Because there further is no indication that plaintiff was deprived of an opportunity to present his relevant and non-frivolous issues to the federal court through his counsel, his federal constitutional rights were not violated even if his *pro se* motion went unfiled or unadjudicated in his criminal case.

Because plaintiff states no viable constitutional claim in the instant lawsuit, he can establish no related injury by his lack of access to his *pro se* legal handbook allegedly used in pursuing this lawsuit.

4

### *Conclusion*

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on January 29, 2010.

_____
Gray H. Miller
United States District Judge